UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ADRIANNE ROGGENBUCK TRUST, AH PROPERTY HOLDINGS, LLC, ALBERT ALUNNI, et al.,**

**Plaintiffs,**

-vs-                                                                  Case No. 6:09-cv-2158-Orl-31KRS

**DEVELOPMENT RESOURCES GROUP, LLC, LEGACY DUNES CONDOMINIUM, LLC, MICHAEL HALPIN, et al.,**

**Defendants.**

## ORDER

This matter comes before the Court on the Motion to Dismiss or for Summary Judgment (Doc. 33) filed by Defendants Development Resources Group, LLC ("DRG"), Legacy Dunes Condominium, LLC ("LDC"), Michael Halpin ("Halpin"), James Wear ("Wear"), and Timothy Tinsley ("Tinsley") (collectively, the "DRG Defendants"); the response (Doc. 37) filed by the Plaintiffs, and the reply (Doc. 38) filed by the DRG Defendants.

**I.      Background**

According to the allegations of the Amended Complaint (Doc. 28), this suit arises out of the purchase of condominiums from a development known as "Legacy Dunes," located near Walt Disney World. The Plaintiffs are a group of 79 individuals and legal entities (such as trusts and LLCs) that purchased these condominiums in 2006. The Plaintiffs resided in Illinois during the events at issue here or, in the case of the legal entities, were organized under the laws of that state.

The Legacy Dunes condos had been converted from apartments. DRG and LDC purchased the apartment complex and did the conversion. Halpin, Wear, and Tinsley are principals in DRG.

The condos were marketed via a radio show/infomercial in the Chicago area. Listeners were invited to attend investment seminars, where the host of the radio show, Joe Aldeguer ("Aldeguer"), and others pitched the idea of purchasing the condos and then having them rented out on a short-term basis, like a hotel. After hearing marketing hype and descriptions of hotel occupancy rates and rental rates across Orlando, the participants were led away to meet with representatives of the company that was purportedly set to manage the short-term rentals, and to buy units. The Plaintiffs have attached a transcript of one such seminar, which is alleged to have occurred on July 20, 2006. (Doc. 28-1). Defendant Wear addressed the crowd, explaining *inter alia* how he and his associates had purchased the apartment complex with the intent of converting its units into traditional owner-occupied or owner-rented condominiums, but that Aldeguer had convinced him of the merits of the so-called "condo hotel" concept. None of the other DRG Defendants appear in the transcript.

On November 18, 2009, the Plaintiffs filed this suit in state court, alleging that the sales had been fraudulent, that the sales contracts should have been registered as securities, and that the Defendants had breached their sales contracts. On December 23, 2009, the Defendants removed the case to this Court. The Plaintiffs filed their Amended Complaint (Doc. 28) on June 11, 2010. The Defendants now seek dismissal of nine of the 10 counts of the Amended Complaint or, in the alternative, summary judgment.[1]

---

[1] The breach of contract claim is not at issue in this motion.

**II.      Legal Standards**

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to give the defendant fair notice of what the claim is and the grounds upon which it rests, *Conley v. Gibson*, 35 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *overruled on other grounds*, *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  A Rule 12(b)(6) motion to dismiss for failure to state a claim merely tests the sufficiency of the complaint; it does not decide the merits of the case. *Milbum v. United States*, 734 F.2d 762, 765 (11th Cir.1984).  In ruling on a motion to dismiss, the Court must accept the factual allegations as true and construe the complaint in the light most favorable to the plaintiff.  *SEC v. ESM Group, Inc.*, 835 F.2d 270, 272 (11th Cir.1988).  The Court must also limit its consideration to the pleadings and any exhibits attached thereto.  FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

The plaintiff must provide enough factual allegations to raise a right to relief above the speculative level,  *Twombly,* 550 U.S. at 555, 127 S.Ct. at 1966, and to indicate the presence of the required elements, *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir.2007).  Conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal.  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

The United States Supreme Court recently addressed what factual allegations are necessary to survive a motion to dismiss. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), the Supreme Court explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . .

Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. at 1949 (internal citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the plaintiff is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## III.    Analysis

The first four counts of the Amended Complaint sound in fraud:  Count I asserts a claim for common law fraud; Count II asserts a claim for "Florida Consumer Fraud Violations;" in Count III, the Plaintiffs complain of a conspiracy to commit fraud; and in Count IV, the Plaintiffs claim fraud in the inducement.  Similarly, Count IX asserts a claim for negligent misrepresentation.  As such, it must also satisfy the requirement, set forth in Rule 9(b) of the Federal Rules of Civil Procedure, that a party "must state with particularity the circumstances constituting fraud or mistake."

After a thorough review of the factual allegations underlying these counts, the Court finds that the counts must be dismissed.  The factual allegations are found in the Plaintiffs' 43-page background section.  The Plaintiffs spend the first 25 or so pages identifying the parties and describing the outlines of the marketing and sales process detailed in Section I of this order.  The Plaintiffs then spend the remaining 18 pages obscuring details.  Anyone reading the Amended Complaint is left mostly or entirely in the dark as to most of the critical allegations, such as the false claims that were allegedly made, the time and place where they were made, and the identity of the persons making them.

For example, the Plaintiffs allege that, "during the presentations and at other times, defendants and/or their agents and/or their representatives told [the Plaintiffs] about the incredible income potential of Legacy Dunes units" and that "[d]efendants and/or their agents and/or their representatives told [the Plaintiffs] to expect an occupancy rate of up to 80 % to 90 % annually, that the income from their Legacy Dunes unit would offset the mortgage payments on those units and would result in substantial income, and that the condo/hotel investment contracts were sound financial and income producing instruments." (Doc. 28 at 29-30). Similarly, the Plaintiffs assert that the scheme was "based upon the false statements made during the July 20 [2006] presentation and upon other similar statements." (Doc. 28 at 30). The reader is left to guess which statements are "the false statements," whether the false statements were made during the presentation or at some other unspecified time and place, who made the statements, who heard the statements, what "similar statements" were made, who made *those* statements, and so on.

Along the same lines, the Plaintiffs incorporate every single one of the 126 paragraphs preceding Count I into each of the first four counts and Count IX. In each of these five counts, without further explanation, they then announce that the conduct of the defendants (and/or their representatives and/or their agents) constitutes fraud or fraud in the inducement or whatever the title of the pertinent count happens to be. The Plaintiffs then go on to recite the elements of the particular claim – "Defendants and/or their agents and/or representatives knowingly and recklessly made misrepresentations, omitted to correct prior misrepresentations rendered false by material omissions, concealed material facts," etc. – but never tie these elements to their pleading. They do not identify the misrepresentations to which they are referring, or the persons making them, or

even give the paragraph number from which such information might be gleaned. This is the very opposite of the particularity required by Rule 9(b).

The Plaintiffs contend that their allegations are presented with the requisite specificity because they have alleged that all the defendants were working together in a single scheme, and because the Amended Complaint incorporates the attached transcript of and sales material from the June 20, 2006 presentation, at which the fraudulent statements were made. (Doc. 37 at 8-9). But even if some defendants can be held legally responsible for the consequences of misrepresentations uttered by other people, this does not permit the Plaintiffs to avoid their obligation to identify the false statements and the person or persons making them. Rule 9(b) requires the Plaintiffs to inform *each* defendant as to what he is accused of doing.

And if the misrepresentations appear in the attached transcript or marketing materials, there is no excuse for the Plaintiffs' refusal to provide more specifics.[2] If nothing else, each speaker is identified by name on the transcript. It should have been simple for the Plaintiffs to identify the person making any allegedly fraudulent statement and identify the spot in the transcript where that statement appears. But the Plaintiffs have not done so.

The Court finds that the Plaintiffs have failed to meet the requirements imposed by Rule 9(b) and their counts that sound in fraud must be dismissed. Accordingly, Counts I through III and IX will therefore be dismissed without prejudice to Plaintiff's right to refile them with sufficient specificity to satisfy Rule 9(b).

---

[2]The Court also notes that this argument contradicts the allegations of the Amended Complaint, in which the Plaintiffs assert that they bought condos in reliance on statements made at multiple presentations, "and other similar statements." (Doc. 28 at 36).

Count IV also sounds in fraud. However, it requires different treatment than the other four counts fitting that description. Count IV is a claim for fraud in the inducement. As the DRG Defendants point out, fraud in the inducement renders a contract voidable, not void. *Mazzoni Farms, Inc. v. E.I. DuPont De Nemours and Co.*, 71 So. 2d 306, 313 (Fla. 2000). Florida law requires plaintiffs in fraudulent inducement cases to make an election of remedies, choosing either to repudiate their contracts and seek rescission or to affirm the contracts and seek damages. *Id.* In this case, the Plaintiffs have sought damages. By doing so, the argument continues, they have affirmed the sales contracts, which include provisions prohibiting reliance on oral or outside representations. The DRG Defendants contend that these provisions bar the Plaintiffs from arguing that they relied on the statements allegedly made by the Defendants (and their agents and so forth), and such an inability to argue justifiable reliance is fatal to the Plaintiffs' fraud claims. The Plaintiffs do not dispute this contention. Count IV will therefore be dismissed with prejudice.

Count V purports to assert a claim for "Constructive Trust." (Doc. 28 at 51). A constructive trust is a remedy, not a cause of action. A review of the allegations of Count V demonstrates that the Plaintiffs have not simply mislabeled a true cause of action. The count simply asserts that the defendants (and their agents and representatives) claimed to own Legacy Dunes units, but not all of them did, and (for some unexplained reason) the Court should impose a constructive trust on the units that are, in fact, owned by any defendant (but not, apparently, by their agents or representatives). There is no cause of action here. This count will be dismissed with prejudice.

In Count VI, titled "Florida Securities Fraud Violations," the Plaintiffs assert that the contracts they entered into to buy their condos were investment contracts. (Doc. 28 at 52-53).

Accordingly, the contracts constituted securities within the meaning of the Florida Securities and Investor Protection Act ("FSIPA"), Fla. Stat. §§ 517.211 *et seq.*, and should have been registered. The DRG Defendants point out that FSIPA provides that the term "investment" does not include a commitment of money or property for the purchase of real estate, Fla. Stat. § 517.301(2)(a) (2). According to the DRG Defendants, the contracts at issue were solely contracts for the sale of real estate, and therefore they could not have been investment contracts and did not fall within the ambit of FSIPA. The Plaintiffs did not attach the relevant contracts to their pleadings. However, the DRG Defendants assert that the contracts were standard Florida condominium purchase agreements. Moreover, in previous cases the Court has reviewed the standard form contracts used for purchases of condominiums at Legacy Dunes, and found them to be real estate sales contracts, rather than investment contracts. Finally, the Plaintiffs do not dispute the contention that these were standard real estate contracts or make any legal argument that these real estate purchases should be considered to be investments despite the exclusion of such transactions by Fla. Stat. § 517.301(2)(a)(2).[3] Accordingly, the Court will grant summary judgment in favor of the DRG Defendants on Counts VI, VII, and VIII.

## IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss or for Summary Judgment (Doc. 33) is **GRANTED IN PART AND DENIED IN PART**, as follows: Counts I, II, III and IX of the

---

[3] The Plaintiffs' only argument on this point is that the transactions, as described in their Amended Complaint, satisfy the general test for treatment as an "investment" set forth in *SEC v. W.J.Howey Co.*, 328 U.S. 293 (1946). The Plaintiffs never address the state statute's exclusion of real estate sales from coverage under FSIPA.

Amended Complaint are **DISMISSED WITHOUT PREJUDICE**; counts IV and V are **DISMISSED WITH PREJUDICE**; and the Clerk is **DIRECTED** to enter summary judgment against the Plaintiffs and in favor of Defendants Development Resources Group, LLC; Legacy Dunes Condominium, LLC; Michael Halpin; James Wear; and Timothy Tinsley as to counts VI, VII, and VIII.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 27, 2010.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party