# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ADRIANNE ROGGENBUCK TRUST, et al.,**

      **Plaintiffs,**

-vs-                                          Case No. 6:09-cv-2158-Orl-31KRS

**DEVELOPMENT RESOURCES GROUP, LLC, LEGACY DUNES CONDOMINIUM, LLC, MICHAEL HALPIN, JAMES WEAR, TIMOTHY S. TINSLEY, REAL ESTATE DREAMS, LLC, SEAN C. PARKES, and JEREMY HOLLY,**

      **Defendants.**

# ORDER

This matter comes before the Court on the DRG Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, Motion for Summary Judgment (Doc. 50), the response in opposition (Doc. 52), and the reply (Doc. 53).

**I.    Background**

The 79 plaintiffs in this matter purchased condominium units in a Kissimmee-area development known as "Legacy Dunes" in September, October, and November of 2006. At the time, all of the plaintiffs were either Illinois residents or Illinois business entities. The Defendants are some of the individuals and business entities who were involved in the acquisition of Legacy Dunes, its conversion from rental units to condominium units, and the subsequent marketing and

sales of those units to the Plaintiffs. Other individuals and entities involved in these events have been sued by the same Plaintiffs in state court in Illinois.

The instant motion was filed by Defendants Development Resources Group, LLC ("DRG"), Michael Halpin ("Halpin"), James Wear ("Wear"), and Timothy Tinsley ("Tinsley") (collectively, the "DRG Defendants"). During the times relevant to this suit, Halpin, Wear, and Tinsley were the principals of DRG, which was the managing member of Defendant Legacy Dunes Condominium, LLC ("LDCLLC"). The Plaintiffs all purchased their units from LDCLLC, the entity that had purchased Legacy Dunes and converted the units from rentals to condominiums.

The units were marketed to the Plaintiffs at a series of sales presentations in the Chicago area. In their Second Amended Complaint (Doc. 45), the Plaintiffs allege that the individuals conducting the sales presentations made a number of material misrepresentations that induced them to purchase units at inflated prices. After voluntarily dismissing (Doc. 47) a number of counts, the Plaintiffs are now asserting the following claims: fraud (Count I); violations of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA") (Count II); conspiracy to commit fraud (Count III); negligent misrepresentation (Count IX); and breach of contract (Count X).

## II.    Legal Standard

A party is entitled to summary judgment when the party can show that there is no genuine issue as to any material fact. Fed.R.Civ.P. 56(c). Which facts are material depends on the substantive law applicable to the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party bears the burden of showing that no genuine issue of material fact exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

When a party moving for summary judgment points out an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof at trial, the nonmoving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Thereafter, summary judgment is mandated against the nonmoving party who fails to make a showing sufficient to establish a genuine issue of fact for trial. *Id.* at 322, 324-25. The party opposing a motion for summary judgment must rely on more than conclusory statements or allegations unsupported by facts. *Evers v. Gen. Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("conclusory allegations without specific supporting facts have no probative value").

### III.  Analysis

The DRG Defendants first argue that the claims against them are really attempts to pierce the corporate veil of LDCLLC, and that the Plaintiffs have not pleaded sufficient allegations against them to do so. (Doc. 50 at 6). With regard to the fraud and negligent misrepresentation counts, this is incorrect. In those counts, the Plaintiffs seek to hold the DRG Defendants liable for their own (alleged) bad acts, and the acts of those (such as agents and co-conspirators) for whom they may be held responsible.

The analysis differs in regard to the breach of contract claim in Count X. The contracts at issue in that count are the condominium purchase agreements, which (allegedly) included an obligation to refund $25,000 to the purchaser(s) if certain zoning changes did not occur within four months of the closing date. (Doc. 45 at 230). The Plaintiffs contend that although the zoning changes did not occur with the specified time frame, they were not given their refunds. None of

the DRG Defendants were parties to these contracts, which were entered into by the Plaintiffs on the one hand and by LDCLLC on the other. (Doc. 45 at 230). As the DRG Defendants were not parties to these agreements, but are included (without explanation) as parties to the breach of contract claim, the Plaintiffs may be attempting to employ veil-piercing to hold them liable on that count. However, in their response to the instant motion, the Plaintiffs offer no justification – veil-piercing or otherwise – for holding some or all of the DRG Defendants liable for the contractual breach allegedly committed by LDCLLC in regard to a contract to which they were not parties. Accordingly, the Court will enter summary judgment as to Count X on behalf of the DRG Defendants.

The Movants next argue that Counts I and II, despite their labels, are really claims for fraud in the inducement, which the Plaintiffs cannot pursue because they have ratified the contracts by seeking damages. (Doc. 50 at 7-8). However, the Court does not read those counts as containing fraud in the inducement claims, particularly in light of the fact that the Plaintiffs had previously asserted a claim for fraud in the inducement, which was dismissed with prejudice. (Doc.40 at 7).

If Counts I and II set forth the claims matching their labels in the Second Amended Complaint (fraud and violations of FDUTPA, respectively), then – the DRG Defendants argue – they are entitled to summary judgment because the Plaintiffs cannot establish the necessary reliance. The DRG Defendants also advance this argument in regard to the Plaintiffs' claims of conspiracy to commit fraud (Count III) and negligent misrepresentation (Count IX).

Under Florida law, justifiable or reasonable reliance is an element of fraud,[1] FDUTPA,[2] and negligent misrepresentation[3] claims.  In the Second Amended Complaint, the Plaintiffs assert that the individuals conducting the sales seminars, acting for themselves and for the other Defendants, made a number of misrepresentations, such as that all the necessary zoning changes had been made or were in the works, that Plaintiffs could expect occupancy rates for the rentals of 80 percent or more, that an onsite management company would do all the necessary work of overseeing and advertising the units, and that income from the unit would exceed its mortgage payment and expenses, resulting in substantial net income.[4]  The Plaintiffs also assert that, but for these statements, they would not have purchased a Legacy Dunes unit.

Thus, the Plaintiffs have asserted that they relied on the statements at issue.  However, such reliance must also be reasonable.  The DRG Defendants assert (Doc. 50 at 10-11), and the Plaintiffs do not dispute, that the purchase agreements at issue all contained the following disclaimer (emphasis in the original):

> ORAL REPRESENTATIONS CANNOT BE RELIED UPON AS CORRECTLY STATING THE REPRESENTATIONS OF DEVELOPER.  FOR CORRECT REPRESENTATIONS, REFERENCE SHOULD BE MADE TO THIS CONTRACT AND THE DOCUMENTS REQUIRED BY SECTION 718.503,

---

[1] *See Green Leaf Nursery v. E.I. DuPont De Nemours and Co.*, 341 F.3d 1292, 1304 n.11 (11th Cir. 2003) ("Justifiable reliance is an element of fraud under Florida law.")

[2] *See, e.g., Dorestin v. Hollywood Imports, Inc.*, 45 So. 3d 819, 825 (Fla. 4th DCA 2010).

[3] *See, e.g., Atlantic Nat. Bank of Florida v. Vest*, 480 So. 2d 1328, 1332-33 (Fla. 2d DCA 1985) (citing cases).

[4] The 230-page Second Amended Complaint contains a wide variety of misrepresentations allegedly made to the 79 Plaintiffs – too many to quote in this opinion.  But those referred to here are typical, and were reported by many of the Plaintiffs.

>      FLORIDA STATUTES TO BE FURNISHED BY DEVELOPER TO A
>      PURCHASER OR LESSEE.

Similarly, it is undisputed that the agreements also contained the following merger clause:

>      ENTIRE AGREEMENT.  This Agreement contains the entire agreement between
>      the parties hereto.  No agent, representative, salesman or officer of the parties hereto
>      has authority to make, or has made, any statements, agreements, or representations,
>      either oral or in writing, in connection herewith, modifying, adding to, or changing
>      the terms and conditions hereof and neither party has relied upon any representation
>      or warranty not set forth in this Agreement.

To the extent that they have been sued in connection with these sales, the DRG Defendants have been sued as agents, representatives, salesmen or officers of LDCLLC. None of the representations of which the Plaintiffs complain in the Second Amended Complaint is set forth in the purchase agreement.  Under these circumstances, in light of the contractual disclaimer and the merger clause, as a matter of law it was unreasonable for the Plaintiffs to rely on the alleged misrepresentations in opting to purchase units at Legacy Dunes.  Accordingly, the DRG Defendants are entitled to summary judgment on Counts I through III and IX.

### IV. Conclusion

In consideration of the foregoing, it is hereby

**ORDERED** that the DRG Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint or, in the Alternative, Motion for Summary Judgment (Doc. 50) is **GRANTED IN PART AND DENIED IN PART** as set forth above.  The Clerk is directed to enter a final judgment in favor of Defendants Development Resources Group, LLC, Michael Halpin, James Wear, and Timothy Tinsley.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 12, 2011.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party